In the Matter of the Claim of ELIJAH CAMPBELL, Respondent, v. ETTCO WIRE & CABLE Co. et al., Appellants, and TROY GARDENS, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeals by two employers and their respective insurance carriers from a decision of the Workmen's Compensation Board which found that claimant did not sustain an industrial accident while employed by employer respondent. Claimant suffered a back injury on June 22, 1961, while in the employ of Bedford Wire & Cable Co. On September 5, 1961, while working for Ettco Wire & Cable Co., he sustained a second injury to his back. Compensation claims were filed in each case and eventually both carriers entered into negotiations for a joint lump sum settlement of these claims. However, claimant had taken subsequent employment at reduced earnings and filed a claim against Troy Gardens, Inc., employer respondent, when he was forced to stop work on June 27, 1963, because of injury to his back. Thereafter, all three cases were set down and heard together. Upon review the board found that claimant did not sustain an accidental injury on June 27, 1963, but that disability was causally related to the two prior accidental injuries and made awards accordingly, 50% against each of the appellant carriers. Both carriers and their insureds appeal from this decision. Whether or not claimant suffered an accidental injury on June 27, 1963, upon the record before us, is a question of fact which the board found in the negative. There is substantial evidence to sustain this determination. Although a claim was filed, claimant testified that on the day in question, while operating a waxing machine, nothing happened, but that the next morning when he went to get up he was in pain and he thought it was from overworking. Dr. Morris, who treated claimant three weeks after the alleged accident, stated in his progress report of July 3, 1963, that while waxing in an apartment house, claimant got a relapse of lumbosacral derangement. Although there is evidence from the C-4 report that claimant wrenched and twisted his lower back, the testimony brought out that he was twisting a waxing machine and the conclusion that he was also twisting his back, and in any event whether or not this was sufficient for a finding of accident, was for the board. Upon the record as a whole, including the history of claimant's chronic back pathology, we cannot as a matter of law say that the board erred in its conclusion. Decision affirmed, with costs to respondents filing briefs. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.